POLSTEIN v. MORSE.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

EVIDENCE (§ 148*)—ADMISSIBILITY—TELEPHONE CONVERSATION.

In an action for rent, in which defendant claimed constructive eviction by the conduct of other tenants, the only evidence of notice to plaintiff of the conditions complained of was defendant's testimony that he called "Mr. Zittel" on the telephone, and stated that it was impossible to sleep at night, because of the conduct of tenants in the department below, who were raising a row, etc., and that the person with whom he talked over the telephone said he was Mr. Zittel. A corporation named "Frederick Zittel & Son" was plaintiff's agent in charge of the premises. *Held,* that it was not sufficiently shown that defendant's complaint was

made to plaintiff's agent to admit in evidence defendant's testimony as to his complaint.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. § 148.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Isaac Polstein against Perley Morse. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

George O. Sayer, of New York City, for appellant.

Morris & Plante, of New York City, for respondent.

SEABURY, J. This action is brought to recover rent alleged to be due under a written lease entered into between the parties. After the expiration of the term specified in the lease, the defendant remained in possession for eight months, and the landlord elected to treat him as a holdover. The defendant claimed a surrender and acceptance of the premises and a constructive eviction. A surrender and acceptance was not proved, and the only question requiring discussion is the claim of the defendant that he was constructively evicted from the premises. The defendant testified that he called a Mr. Zittel on the telephone, and said to him:

"I want to complain as to the conditions at 206 West Ninety-Ninth street; it is impossible to sleep nights. You have some tenants in the apartment below us that are lewd women, and they are raising a row, and it is no place for respectable people, and he said to me 'I will look into it and see what can be done,' and I thanked him and rang off."

It is through this alleged conversation that the defendant claims he gave notice to the landlord of the condition about which he complains, and which he insists necessitated his removal from the premises. Unless the evidence of the alleged telephone conversation was properly received, it is conceded that there was no evidence to charge the plaintiff with knowledge of the conditions which the defendant claims caused his eviction. It is conceded that Frederick Zittel & Son, a domestic corporation, was the plaintiff's agent in charge of the premises demised. The court below received this telephone conversation in evidence in the absence of any proof identifying the person with whom it was had. No proper foundation for its reception was laid. The only substitute for proper proof which was offered was the defendant's statement that he asked for Mr. Zittel, and the person with whom he held the conversation said he was Mr. Zittel. Who Mr. Zittel was, whether he was connected in any way with the corporation which was the agent of the plaintiff, or what his authority was, is not disclosed. Upon this subject the court was only left to conjecture, for no evidence of any kind was offered. It needs no citation of authority to show that this evidence was not properly received.

Inasmuch as the whole defense is based upon this alleged telephone conversation, it follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.